IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OSCAR ALEXANDER,

    Plaintiff,

v.                                            Case No.: 3:13-cv-3197

SOUTHWEST CREDIT SYSTEMS, L.P.
and JEFF HURT,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiff, OSCAR ALEXANDER, by and through his undersigned attorneys, and sues the Defendants, SOUTHWEST CREDIT SYSTEMS, L.P. and JEFF HURT, for minimum wage and overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

    1.    Plaintiff is an individual residing in Dallas County, Texas.

    2.    Defendant, SOUTHWEST CREDIT SYSTEMS, L.P. is a limited partnership formed and existing under the laws of the State of Texas and which maintains and operates its business in Dallas County, Texas.

    3.    Defendant JEFF HURT is an individual residing in Dallas County, Texas and who at all times relevant to this claim acted directly or indirectly in the interest of Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant JEFF HURT was Plaintiff's employer as defined by 29 U.S.C. §203(d).

4.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  At all times pertinent to this Complaint, Defendant SOUTHWEST CREDIT SYSTEMS, L.P. was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, SOUTHWEST CREDIT SYSTEMS, L.P., regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.  Venue is proper in this district under 28 U.S.C. § 1391.

5.      The Plaintiff worked for Defendants from April 6, 2007 through March 29, 2013 as a debt collector.

6.      During one or more weeks of Plaintiff's employment with Defendants, Defendants intentionally failed to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek.

7.      During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked more than forty hours ("overtime hours").

8.      During the weeks in which Plaintiff worked overtime hours, Defendants intentionally and willfully failed to pay Plaintiff one and one-half times his regular rate for each overtime hour worked.

## COUNT I
## (MINIMUM WAGE)

9.      Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 6.

10. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

11. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages equal to the unpaid minimum wage owed.

12. Plaintiff seeks an award of liquidated damages equal to the unpaid minimum wage owed pursuant to Section 216(b) of the FLSA.

13. Plaintiff also seeks compensation of the out of pocket expenses and costs of court he will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A) The Court assume jurisdiction of this cause and that Defendants be cited to appear;

B) The Court award damages to Plaintiff as specified above, finding Defendants jointly and severally liable;

C) The Court award reasonable and necessary attorneys' and expert fees and costs;

D) The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
### (OVERTIME)

14. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 5 and 7 through 8 above.

15. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendant willfully denied Plaintiff's right to overtime compensation under the FLSA.

16. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

17. Plaintiff further seeks liquidated damages as a result of Defendant's willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

18. Plaintiff also seeks compensation of the out of pocket expenses and costs of court he will incur in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A) The Court assume jurisdiction of this cause and that Defendants be cited to appear;

B) The Court award damages to Plaintiff as specified above, finding the Defendants jointly and severally liable;

C) The Court award reasonable and necessary attorneys' and expert fees and costs;

D) The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all the issues and facts in this case.

Respectfully submitted this 14th day of August, 2013.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621

POLEWSKI & ASSOCIATES, P.C.
540 East Pleasant Run Road
DeSoto, TX  75115
(214) 716-4597 Telephone
(855) 867-4455 Facsimile

JOHN P. POLEWSKI
Texas Bar No. 16088610

**ATTORNEYS FOR PLAINTIFF**