IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-3197 |
| | § | |
| SOUTHWEST CREDIT SYSTEMS, | § | |
| L.P. and JEFF HURT, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Southwest Credit Systems, L.P. ("Southwest Credit") and Jeff Hurt ("Hurt") (collectively as "Defendants"), Defendants in the above entitled cause of action, and pursuant to Federal Rule of Civil Procedure 12(b)(6) file their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Brief in Support Thereof, respectfully showing onto the Court as follows:

### I. INTRODUCTION

Plaintiff Oscar Alexander ("Plaintiff") filed suit against Defendants Southwest Credit and Hurt on August 14, 2013, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). The purported allegations against Defendants in Plaintiff's Complaint consist of nothing more than a bare and conclusory assertion that Defendants intentionally failed to pay Plaintiff minimum wage and overtime during one or more weeks of his employment with Southwest Credit. [Dkt. #1, p. 2, ¶¶ 6-7].

Likewise, in his attempt to justify the inclusion of Hurt in the lawsuit, Plaintiff only alleges the conclusory statement that Hurt "acted directly or indirectly in the interest of Defendant Southwest Credit Systems, L.P., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work." [Dkt. #1, p. 1, ¶ 3]. Plaintiff then summarily concludes that "Hurt was Plaintiff's employer as defined by 29 U.S.C. § 203(d)." [Dkt. #1, p. 1, ¶ 3].

Plaintiff's Complaint fails to provide any *factual* allegations to state a plausible claim for relief against either Southwest Credit or Hurt. Instead, Plaintiff's allegations consist of nothing more than legal conclusions and naked assertions of liability under the FLSA. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against either Defendant.

## II. ARGUMENTS AND AUTHORITIES

### A. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the Supreme Court explained in *Twombly* and later *Iqbal*, this pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Together, these cases hold that "[t]o survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A "sheer possibility that the defendant has acted unlawfully" is insufficient. *Id.*

Moreover, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, to avoid dismissal at the pleading stage, the complaint must contain well-pleaded factual allegations which plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The *Twombly* and *Iqbal* decisions prescribe a two-step process for analyzing the sufficiency of a complaint. First, the Court should identify the allegations in the complaint that are not entitled to the assumption of truth. In particular, the Court must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Second, the Court must consider the remaining factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. Facts that are merely consistent with a defendant's liability "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557). Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Only then do they fulfill the requirement of Federal Rule of Civil Procedure 8(a)(2) that the complaint provide the defendant with "fair notice of what the … claim is and the grounds upon which it rests." *Id.*

B. PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE FEDERAL PLEADING STANDARDS.

Applying this two-step process to the allegations of Plaintiff's Complaint reveals that none of Plaintiff's claims are adequately pled. Plaintiff's allegations of unlawful conduct are simply "labels and conclusions" and "formulaic recitation[s] of the elements of the cause[s] of action." For each cause of action, Plaintiff does nothing more than allege the ultimate conclusions that he must prove to establish liability without any supporting factual content that would render this conclusion plausible. Plaintiff does not provide any factual allegations that raise a right to relief above the speculative level. Plaintiff should not be able to proceed with his claims and "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Since Plaintiff has failed to allege sufficient facts in support of his claims for relief, such claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 1. *Plaintiff Fails to Allege Sufficient Facts to Support his Conclusion that Defendants Failed to Pay Him Minimum Wage or Overtime in Violation of the FLSA.*

Plaintiff's Complaint should be dismissed in its entirety because he fails to allege facts sufficient to give Defendants fair notice of his claims that they violated the FLSA by allegedly failing to pay him minimum wage and overtime. Specifically, Plaintiff does not provide any factual allegations to support his claims.

With respect to his minimum wage claims, Plaintiff does not identify his rate of pay or other facts that would permit the Court to infer that Plaintiff was actually paid less than the minimum wage required under the FLSA. *See LePage v. Bluecross*, 2008 WL 2570815, at *2 (D. Minn. June 25, 2008) (applying the *Twombly* standard and dismissing FLSA claim because the plaintiffs "failed to identify their hourly pay rates or any facts that would permit the court to infer that they were actually paid less than the minimum wage required under the FLSA in any

workweek"); *see also White v. Class Dining Acquisition Corp.*, 2012 WL 1252589, at *6 (S.D. Ind. April 13, 2012) ("While in this case, White has told the court that her hourly wage was $2.15 plus tips, she has not alleged when or how often the combination of the two did not meet the minimum wage. To establish a viable FLSA claim for unpaid minimum wages, the complaint should indicate the applicable rate of pay and the amount of unpaid minimum wages due.") (internal citations and quotations omitted). Instead, Plaintiff states only that "Defendants intentionally failed to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek." [Dkt. #1, p. 2, ¶ 6]. This is nothing more than a legal conclusion and recitation of the elements with no factual support. "[D]evoid of 'further factual enhancement,'" it certainly does not plausibly suggest "a right of relief above the speculative level." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Similarly, with regard to overtime, Plaintiff merely recites the elements and ultimate conclusions he must prove in order to prevail. In particular, he contends only that "Plaintiff worked more than forty hours" in "one or more weeks" of his employment for which he was not compensated. [Dkt. #1, p. 2, ¶ 7]. A naked assertion that Plaintiff worked beyond forty hours per week and was not paid overtime is insufficient to satisfy the federal pleading requirements. *Blues v. City of Hurst*, 2007 WL 2325201 at *4 (N.D. Tex. Aug. 13, 2007); *see also DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F.Supp.2d 479, 509 (E.D.N.Y. 2011) ("[t]o state a claim for relief for overtime violations under the FLSA, the complaint should at least approximately allege the hours for which these wages were not received."); *Zhong v. August August Corp.*, 498 F. Supp.2d 625, 628 (S.D.N.Y. 2007). Instead, Plaintiff "must provide at least some approximation of the overtime hours that [D]efendants required [hi]m to work and a time frame for when those hours were worked." *DeSilva*, 770 F.Supp.2d at 509; *Blues*, 2007 WL

2325201 at *4 ("...Blues simply states that he was entitled to overtime pay.... This claim is a pure conclusion. He does not state at what time he began his day, he does not state at what time his day ended, he does not state how many hours he worked that day, and how many hours over and above forty hours he worked for that week.").

Plaintiff's Complaint fails to satisfy the basic pleading requirements for stating a plausible claim for relief for minimum wage and overtime violations under the FLSA. Plaintiff's Complaints fails to provide Defendants with fair notice of the claims being asserted and, according to Supreme Court's holdings in *Iqbal* and *Twombly*, his Complaint should be dismissed pursuant to Rule 12(b)(6).

### 2. Plaintiff Fails to Plead Sufficient Facts to Show that Hurt is an "Employer" for Purposes of the FLSA.

Plaintiff's claims against Hurt should be dismissed for the additional reason that Plaintiff has failed to plead sufficient facts to show that Hurt meets the statutory definition of an "employer" for purposes of individual liability under the FLSA. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206-07); *Tracy v. NVR, Inc.*, 2009 WL 3153150, at *3 (W.D.N.Y. Sept. 30, 2009) ("The critical question in evaluating the sufficiency of Tracy's proposed amended complaint is whether it alleges facts plausibly suggesting that [the] proposed defendants [] meet the definition of 'employer' under the FLSA."); *see also Payne v. Universal Recovery, Inc.*, 2011 WL 7415414, at *5–6 (N.D. Tex. Dec. 7, 2011) (finding that generic legal conclusions regarding the alleged employer-status of certain defendants failed to state a claim under the FLSA).

In order to determine whether an individual constitutes an employer under the FLSA, courts employ an economic reality test that considers the following four factors: (1) whether the individual has the power to hire and fire the employee; (2) whether he supervised and controlled

the employee's work schedule or conditions of employment; (3) whether he determined the rate and method of payment for the hours worked; and (4) whether he maintained employment records. *Martin v. Spring Break '83 Prod., L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012).

Here, Plaintiff simply concludes that Hurt was his employer. His only reference to Hurt is a factually-unsupported allegation that Hurt "acted directly or indirectly in the interest of Defendant Southwest Credit Systems, L.P. in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work." [Dkt. #1, p. 1, ¶ 3]. This conclusory allegation even falls short of reciting the proper elements necessary to establish that Hurt is an "employer" under the FLSA and, thus, is certainly insufficient to raise such an inference as to deem Hurt individually liable for any alleged failures to pay minimum wage or overtime. *See Spring Break '83*, 688 F.3d at 251.

In particular, Plaintiff does not allege ***any facts*** that would plausibly suggest that Hurt had any direct contact with him, such as hiring or firing him; personally supervising or controlling his work or other conditions of employment; determining his work schedule or tasks; determining his rate or method of payment; or maintaining employment records concerning Plaintiff. In short, Plaintiff fails to present any factual allegations upon which to reasonably infer that Hurt "independently exercised control over [Plaintiff's] work situation" sufficient to warrant the imposition of individual liability under the FLSA. *See Donovan*, 747 F.2d at 972; *see also*, *Tracy*, 2009 WL 3153150, at *4 (noting that, "[g]enerally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work . . . [or] determining the employee's day-to-day work schedule or tasks" and that "[w]here the relationship between the putative employer and the plaintiff employee is more attenuated and the size of the corporation larger, employer liability

may not be found"). Therefore, Plaintiff's claims against Hurt should be dismissed for failure to state a claim under the FLSA.

### III. CONCLUSION

In summary, the Court should dismiss Plaintiff's Complaint in its entirety for failing to allege sufficient facts to comply with the federal pleading requirements under Federal Rule of Civil Procedure 8(a)(2) and as explained by the Supreme Court in its *Twombly* and *Iqbal* decisions. Additionally, this Court should dismiss Plaintiff's claims against Hurt because Plaintiff presents no facts to plausibly suggest that Hurt was an "employer" under the FLSA and subject to individual liability in this matter. Defendants respectfully request that the Court grant their Motion to Dismiss and that they receive any further relief to which they may be entitled.

Respectfully submitted,

/s/ Tiffany L. Cox
Angela Clanton Green
Texas Bar No. 24040695
**OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)
angela.green@ogletreedeakins.com

Tiffany L. Cox
Texas Bar No. 24050734
**OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
(210) 354-1300
(210) 277-2702 (Fax)
tiffany.cox@ogletreedeakins.com
**ATTORNEYS FOR DEFENDANTS
SOUTHWEST CREDIT SYSTEMS,
L.P. AND JEFF HURT**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 1, 2013, I electronically transmitted the foregoing pleading, using the CM/ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel of record:

Charles L. Scalise
ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701

John P. Polewski
POLEWSKI & ASSOCIATES, P.C.
540 East Pleasant Run Road
DeSoto, Texas 75115

                                                /s/ Tiffany L. Cox
                                                Tiffany L. Cox

16185675.2