IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-3197 |
| | § | |
| SOUTHWEST CREDIT SYSTEMS, | § | |
| L.P. and JEFF HURT, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER AND DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Southwest Credit Systems, LP ("Southwest Credit"), and Jeff Hurt, Defendants in the above entitled cause of action, and subject to its Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, file this, their Answer and Defenses to Plaintiff's Complaint. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint to the extent possible.

### NATURE OF ACTION

1. Defendants are without information or knowledge sufficient to admit or deny the current location of Plaintiff's residence and, therefore, deny same.

2. Admit.

3. Defendants admit that Jeff Hurt is a resident of Dallas County, Texas. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants assert that the statements in paragraph 4 are merely conclusions of law to which no responses or answers are required. To the extent an answer is required, Defendants admit that Southwest Credit is an "employer" within the meaning of the Fair Labor

Standards Act ("FLSA"). Defendants further admit that jurisdiction and venue are proper. Defendants deny all remaining allegations in paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff was employed with Southwest Credit as a collector from April 7, 2008 to March 29, 2013.

6. Denied.

7. Defendants admit that Plaintiff worked more than forty hours during some weeks of his employment and that Plaintiff was compensated at one-and-one-half times his regular rate of pay for those hours. Defendants deny any remaining allegations in paragraph 7 of the Complaint.

8. Denied.

## COUNT I
## (MINIMUM WAGE)

9. The allegations of paragraph 9 of Plaintiff's Complaint state a proposition to which no factual response is necessary. Answering further, Defendants incorporate their responses to the allegations set forth in paragraphs 1 to 6 of Plaintiff's Complaint.

10. Defendants assert that the statements in paragraph 10 are merely conclusions of law to which no responses or answers are required. To the extent an answer is required, denied.

11. Defendants assert that the statements in paragraph 11 are merely conclusions of law to which no responses or answers are required. To the extent an answer is required, denied.

12. Defendants admit that Plaintiff purports to seek liquidated damages, but deny he is entitled to such damages. Defendants further deny any remaining allegations in paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff purports to seek the damages discussed in paragraph 13, but deny he is entitled to such damages. Defendants further deny any remaining allegations in paragraph 13 of the Complaint.

A)-D) Defendants admit that Plaintiff seeks the relief requested in paragraphs A)-D) on page 3 of the Complaint, but deny he is entitled to such relief and that such relief is proper. Defendants further deny any remaining allegations in these paragraphs.

## COUNT II
## (OVERTIME)

14. The allegations of paragraph 14 of Plaintiff's Complaint state a proposition to which no factual response is necessary. Answering further, Defendants incorporate their responses to the allegations set forth in paragraphs 1 through 5 and 7 through 8 of Plaintiff's Complaint.

15. Defendants assert that the statements in paragraph 15 are merely conclusions of law to which no responses or answers are required. To the extent an answer is required, denied.

16. Defendants assert that the statements in paragraph 16 are merely conclusions of law to which no responses or answers are required. To the extent an answer is required, denied.

17. Defendants admit that Plaintiff purports to seek liquidated damages, but deny he is entitled to such damages. Defendants further deny any remaining allegations in paragraph 17 of the Complaint.

18. Defendants admit that Plaintiff purports to seek the damages discussed in paragraph 18, but deny he is entitled to such damages. Defendants further deny any remaining allegations in paragraph 18 of the Complaint.

A)-D) Defendants admit that Plaintiff seeks the relief requested in paragraphs A)-D) on page 4 of the Complaint, but deny he is entitled to such relief and that such relief is proper. Defendants further deny any remaining allegations in these paragraphs.

## JURY DEMAND

Defendants admit that Plaintiff has demanded a trial by jury, but deny there are any issues for a jury to determine.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants set forth their affirmative and other defenses as follows:

1. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations including, but not limited to, 29 U.S.C. § 255.

2. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, unclean hands and/or estoppel.

3. Southwest Credit has paid Plaintiff all sums legally due under the FLSA.

4. Plaintiff may not seek recovery of wages for time that is not compensable work under the FLSA.

5. Plaintiff's claims are barred for hours allegedly worked without his employer's actual or constructive knowledge.

6. Plaintiff may not seek wages for time that is *de minimis*.

7. Plaintiff may not seek relief for preliminary and postliminary acts under the Portal-to-Portal Act.

8. Plaintiff's claims are estopped to the extent he failed to submit accurate information regarding the time he allegedly worked.

9. Defendants are entitled to an offset against any amounts due equal to the amount Southwest Credit overpaid Plaintiff and for other amounts paid to Plaintiff.

10. The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

11. The Complaint fails to state a claim for which liquidated damages may be granted.

12. Neither Defendants nor any of Southwest Credit's officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff. Defendants affirmatively plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the FLSA and/or other applicable law, were not willful, but occurred in good faith and were based upon reasonable factors. As such, Plaintiff is not entitled to liquidated damages under the FLSA. Moreover, a two-year statute of limitation should apply.

13. Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor.

14. The Complaint is barred, in whole or in part, because all alleged actions and/or omissions complained of were in good faith and based on reasonable grounds for believing such actions and/or omissions were not violations of the FLSA and/or other applicable law.

15. The Complaint fails to state a claim upon which relief can be granted in that it fails to allege facts sufficient to support the claims asserted in conformance with the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

16. Without assuming the burden of proof, Plaintiff was properly compensated in accordance with the FLSA and applicable state laws.

17. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendants reserve herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendants pray that upon trial or final hearing the Court grant judgment for Defendants as follows:

(a) That Plaintiff take nothing by reason of the Complaint;

(b) That the Complaint be dismissed upon the merits and with prejudice;

(c) For costs of suit herein, including reasonable attorneys' fees; and

(d) For such other and further relief as may be authorized by law.

Respectfully submitted,

/s/ Tiffany L. Cox
Angela Clanton Green
Texas Bar No. 24040695
**OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)
angela.green@ogletreedeakins.com

Tiffany L. Cox
Texas Bar No. 24050734
**OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.**
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
(210) 354-1300
(210) 277-2702 (Fax)
tiffany.cox@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANTS
SOUTHWEST CREDIT SYSTEMS,
L.P. AND JEFF HURT**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 1, 2013, I electronically transmitted the foregoing pleading, using the CM/ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel of record:

Charles L. Scalise
ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701

John P. Polewski
POLEWSKI & ASSOCIATES, P.C.
540 East Pleasant Run Road
DeSoto, Texas 75115

                                                        /s/ Tiffany L. Cox
                                                        Tiffany L. Cox

16159541.1