IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OSCAR ALEXANDER,

    Plaintiff,

v.                                                                  Case No.: 3:13-cv-3197-L

SOUTHWEST CREDIT SYSTEMS, L.P.
and JEFF HURT,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff, OSCAR ALEXANDER, responds to Defendants' Motion to Dismiss for Failure to State a Claim as follows:

**Memorandum of Law**

Defendants seek dismissal of this case pursuant to FRCivP 12(b)(6). This Court should deny the motion because Plaintiff has adequately stated a cause of action for overtime and minimum wages under the Fair Labor Standards Act.

    I.    **Plaintiff Has Stated a Claim for Relief**

Judge Rosenthal of the Unites States District Court for the Southern District of Texas reviewed the standards for a motion to dismiss under Rule 12(b)(6) in *McCollum v. Allied Custom Homes, Inc.* 2009 WL 1098459 (S.D.Tex Apr. 23, 2009) :

> Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior decision in *Conley v. Gibson*, 355

U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly,* 550 U.S. at 562-63 ( *"Conley's* 'no set of facts' language ... is best forgotten as an incomplete, negative gloss on an accepted pleading standard...."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir.2008) (quoting *Twombly,* 550 U.S. at 570).

Since *Twombly,* courts have cautioned that the factual allegations in the complaint must not be "so undeveloped that it does not provide a Defendants the type of notice of claim which is contemplated by Rule 8." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008). A "complaint must allege 'more than labels and conclusions,' " and " 'a formulaic recitation of the elements of a cause of action will not do.' "*Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir.2007) (quoting *Twombly,* 550 U.S. at 555). Courts have interpreted *Twombly'*s emphasis on "plausibility" to mean that the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Phillips,* 515 F.3d at 234 (quoting *Twombly,* 550 U.S. at 555). "Rule 8(a)(2) ... requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir.2008) (quoting *Twombly,* 550 U.S. at 556 n. 3). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (quoting *Twombly,* 550 U.S. at 555); *see also In re S. Scrap Material Co., LLC,* 541 F.3d 584, 587 (5th Cir.2008). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier,* 503 F.3d at 401 (quoting *Twombly,* 550 U.S. at 558). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Elsensohn,* 530 F.3d at 571-72.

The standards and guidelines set out in *McCollim* are applicable to the Motion now pending before this Court.

Plaintiff has sufficiently pleaded facts to place Defendants on notice that they are being sued for overtime and minimum wages under the FLSA. In *Hoffman v. Cemex, Inc.,* No. H–09–3144, 2009 WL 4825224, at *3 (S.D.Tex. Dec.8, 2009), the plaintiffs' complaint asserted that "they were

classified as nonexempt, that they regularly worked more than 40 hours per workweek, and they were not paid time-and-a-half for those overtime hours." The court found that these were factual allegations rather than legal conclusions and, if proven, would entitle plaintiffs to relief. *Id.* The court stated that even though the complaint was not "replete with factual allegations," the plaintiffs' allegations placed the Defendants on notice that the claim involved unpaid overtime under the FLSA. *Id; see also Qureshi v. Panjwani,* No. H–08–3154, 2009 WL 1631798, at *3 (S.D.Tex. Jun.9, 2009) (plaintiffs' allegations that "they were required to work in excess of a forty-hour week without overtime compensation, and that they were employed by the Defendants" were sufficient to state a claim under the FLSA); *McCollim v. Allied Custom Homes, Inc.,* No. H–08–3754, 2009 WL 1098459, at *3 (S.D.Tex. Apr.23, 2009) (same).

Plaintiff has made the same allegations as those *Hoffman, i.e.* that Plaintiff was employed by Defendants, that he worked more than 40 hours in a week, and that he was not paid time and one-half for his overtime hours in violation of the Fair Labor Standards Act. In addition, Plaintiff has alleged without ambiguity that Defendants failed to pay him the minimum wage in one or more workweeks. To ascertain the specific details Defendants believe are missing from Plaintiff's complaint, Defendants should seek such details through discovery.

Defendants cannot realistically complain that they are unable to answer the Complaint as drafted. Defendants complain that Plaintiff has not specifically identified the hours of overtime worked. First, "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." *Acho v. Cort,* 2009 WL 3562472, at *3 (N.D.Cal. Oct.27, 2009). Second, the *amount* of overtime a claimant has worked is not a necessary fact to state a cause of action under the FLSA. All that is

necessary is for Plaintiff to allege that he has worked *some* overtime. 29 U.S.C. 207(a)(1). A cause of action under the FLSA exists equally for those who claim one hour of overtime and those who claim one thousand hours of overtime. The FLSA does not require a claimant work a requisite number of overtime hours to qualify for a claim; therefore, alleging the number of overtime hours worked is unnecessary to state a cause of action. Defendants, who maintain all of Plaintiff's time and pay records, are in the best position to know whether they met their obligations under the FLSA. They can surely review their pay and time records and know whether they should admit or deny whether a violation occurred.

Plaintiff's counsel has filed approximately 1400 overtime cases in federal court during his legal career. The vast majority of those cases have used a complaint making the same basic allegations as those made in the case now before the Court. Other federal courts, having examined these same allegations, have denied Rule 12(b)(6) motions. *See, Johnson v. Centre Technologies,* H-10-2180 (Dkt #21), United States District Court, Southern District of Texas, Houston Division (Judge David Hitner); *Johnson v. L. Todd Corporation,* 3:13-CV-2141-B, United States District Court, Northern District, Dallas Division (Judge Jane Boyle). Judge Lee Yeakel of the Western District of Texas recently denied the defendant's motion for more definite statement regarding an overtime complaint filed by Plaintiff's counsel reciting the same fundamental allegations contained in the complaint now before the Court. In doing so, Judge Yeakel stated:

> Plaintiff's complaint alleges Defendant, his employer, violated the Fair Labor Standards Act by failing to pay him overtime compensation for hours worked in excess of 40. *See* 29 U.S.C. § 2 16(b). Plaintiff identifies the relevant time period as April 20, 2011, to present. The court finds these allegations sufficient to state a plausible claim of relief under Rule 8. Plaintiff's pleading is not so vague as to prevent Defendant from filing a response.

*Cobb v. ABCABCO, Inc.,* A-13-CV-372-LY (Dkt #6) United States District Court, Western District of Texas, Austin Division.

Defendant, Hurt has also asserted that claims against him individually should be dismissed. Plaintiff however has sufficiently alleged that "Defendant JEFF HURT is an individual residing in Dallas County, Texas and who at all times relevant to this claim acted directly or indirectly in the interest of Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work." (See ¶ 3 in Plaintiff's Complaint). Hurt has been placed on notice that Plaintiff has alleged that Hurt is an employer as defined under the FLSA. Fed. R. Civ. P. 8. Having received notice that he is an alleged employer, Defendant Hurt should be required to answer the Complaint.

## II.     Conclusion

Pursuant to the case law cited herein, Plaintiff has adequately pled his claim for overtime and minimum wages under the FLSA.  Plaintiff respectfully requests this Court deny Defendants' motion.

Respectfully submitted this 22nd day of November, 2013.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com

*/s/Charles L. Scalise_____*
CHARLES L. SCALISE
State Bar No.: 24064621
**ATTORNEY FOR PLAINTIFF**

Page 6 of 6
**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification to the following:

Tiffany Cox
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX 78205

*/s/Charles L. Scalise*_____
CHARLES L. SCALISE